IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FAREED HASAN BEY,** | ) | CASE NO. 1:13 CV 1133 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND HOUSE OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Fareed Hasan Bey, aka Kenneth Fareed Hasan, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. At the time Hasan Bey filed this Petition, he was serving a 20 day sentence in the Cleveland House of Correction for traffic violations of refusing to display his license, failure to obey a traffic signal, and failing to wear a seatbelt. He served his term of incarceration, paid his fines, and otherwise satisfied his sentence. He nevertheless contends he did not commit a crime because he did not injure anyone by violating traffic ordinances, and utilizes the Uniform Commercial Code to conclude the City of Cleveland is not a government entity but is instead a for profit corporation that is without jurisdiction to prosecute crimes. He demands the judgment against him be reversed and vacated.

**Factual and Procedural Background**

Petitioner alleges no facts in his habeas petition and includes very few details of his

criminal conviction in the Cleveland Municipal Court. In fact, his entire Petition consists only of legal rhetoric. The following facts were taken from Petitioner's appeal of his conviction to the Ohio Eighth District Court of Appeals:

> On December 12, 2011, Hasan was pulled over by a police officer after the officer observed him running through a red light. The officer cited him with violations of Cleveland Codified Ordinances 413.03 (disobeying traffic control signal), 435.06 (refusing to display a driver's license), and 437.27(B)(1) (failing to wear seat belt). Hasan was arraigned, and the court advised him of his rights. Because he refused to enter a plea, the court entered a not guilty plea on his behalf. The matter then proceeded to a bench trial.
>
> At trial, Officer David Smith testified that on December 12, 2011, he was monitoring the traffic in an intersection near a school area, where the crossing guards had complained of seeing drivers running through the red light and speeding. Around 8:20 a.m., when the children were going to the school, Officer Smith saw Hasan's vehicle, a Chevy TrailBlazer, going through the light. He pursued the vehicle and stopped it. When Officer Smith asked for Hasan's driver's license, he stated, "I don't have one." When asked for his vehicle registration, Hasan claimed "it belongs to the state"; when asked for his ID, Hasan gave the officer his Moorish ID card. The officer learned his name was Kenneth Hasan only after running the vehicle's license plate. In response to his claim that he does not have a driver's license, the city submitted a print-out from the Bureau of Motor Vehicles, which shows the bureau issued Hasan a driver's license on March 9, 2009.
>
> Hasan stated to the trial court that he is "F. Hasan Bey, former Kenneth Torey Hasan, authorized representative of Kenneth Gary Hasan, not the person that was created by legislature." He challenged the trial court's authority over him "as flesh and blood" and asked for the prosecutor's license to practice law. He objected when Officer Smith stated his name, claiming "Smith" is an English name, not an "American" name, and therefore, the officer has a "false identity." When given the opportunity to cross-examine Officer Smith, instead of eliciting testimony relating to the traffic offenses, Hasan questioned the source of the City of Cleveland's power to authorize its police officers to make traffic stops. He did not provide testimony or otherwise offer any evidence regarding the traffic violations. Rather, he argued he did not know he was obligated to have a driver's

> license, and he claimed a crime had not been committed because no one was injured. He also claimed the city did not prove his offenses because the city's only evidence consisted of the officer's testimony, unsupported by any physical evidence. When asked by the prosecutor whether he received the citation from Officer Smith, he pleaded the Fifth Amendment. Although the citation showed a signature of "Fareed Hasan Bey, Authorized Representative," Hasan denied having signed the citation. He also claimed he was never issued a driver's license from the state of Ohio, despite the state's exhibit showing the contrary.
>
> The trial court found him guilty of all three traffic offenses and sentenced him to 180 days in jail (160 days suspended) and a $1,000 fine ($800 suspended) for refusing to display the driver's license, a fine of $150 for disobeying the traffic control signal, and a fine of $30 for the failure to wear a seatbelt. The court stayed the execution pending an appeal.

*Cleveland v. Hasan*, No. 98490, 2013 WL 871346, at * 1-2 (Ohio App. 8 Dist. Mar. 7, 2013).

Petitioner asserted five assignments of error in his appeal to the Eighth District Court of Appeals. First, he claimed there was no evidence to support his traffic convictions. Second, he claimed he was denied a jury trial. Third, he stated, "[c]ourt error by not having a physical body as the injured party (Corpus delicti), with a verified complaint." *Id.* at *3. Fourth, he claimed the trial court "made an arbitrary decision on the testimony of a not creditable [sic] witness." *Id.* Finally, Petitioner claimed the trial court lacked jurisdiction to convict him. The Court of Appeals found his assignments of error to be without merit and affirmed his conviction on March 7, 2013. He did not appeal this decision to the Ohio Supreme Court.

Thereafter, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. His Petition contains no actual grounds for relief. He claims his crimes were not threats to the public safety and therefore his arrest for these offenses constituted kidnaping. He argues there must also be an injured party who has filed, signed, and sworn to an affidavit as

evidence of the existence of an injury. He further contends this signed affidavit must be followed by a grand jury indictment before an arrest can be made. He contends he was subjected to an unreasonable seizure because none of these things were done. He also claims he was denied due process because "all indictments ought to charge a man with a particular offense, and not with being an offender in general... ." (Pet. ECF No. 1 at 3). He claims he is a "Moor American National... being held as surety thereby the public servants are collecting profit/fees from the kidnaping/hostage." (Pet. ECF No. 1 at 4). Petitioner concludes "this is prima facie evidence that the public servants acting on behalf of the City of Cleveland seeking for, and acting on behalf of another entity, are thus engaging in commerce." (Pet. ECF No. 1 at 4). He claims this removes them from consideration as government actors and transforms them into private for profit corporations. He concludes therefore that the City of Cleveland is not a government entity, but instead is a for profit corporation, and therefore does not have jurisdiction to prosecute crimes.

In addition, he cites randomly to the Treaty of Peace and Friendship, the United Nations Declarations on Human Rights, The National Constitution for the Continental United States, Art. III, Sec. 2, The United States Department of Justice Moorish Credentials, the Free Moorish Zodiac Constitution, United States Copyright Number AA222141 Clock of Destiny, the Roman Catholic Magna Carta, the Knights of Columbus Code, the Klu Klux Klan Oath, the Foreign Sovereign Immunities Act, the Sundry Free Moors Act of 1790, the 1781 Organic United States Constitution, and various federal and state statutes and cases.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus

-4-

petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be

exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because a petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys,* 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman,* 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

Here, Petitioner has not exhausted his state court remedies. The Ohio Court of Appeals had difficulty determining the precise claims Petitioner was asserting. They liberally construed his appeal as asserting five assignments of error, and affirmed his conviction. He did not appeal that decision to the Ohio Supreme Court and therefore did not complete the process of exhausting his state court remedies.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice. *See O'Sullivan*, 526

U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

In this case, it would be futile for Petitioner to return to state court. First, Petitioner has already completed his sentence. He is no longer "in custody" pursuant to a judgment of conviction and federal habeas relief would not be available to him when he attempted to file another Petition. Moreover, Petitioner's claims are without merit, and there would be no purpose in requiring him to return to state court to pursue them.

Petitioner's pleading consists primarily of disjointed sentences, and random citations to unrelated, irrelevant statutes, cases, codes, and oaths. Most of his arguments are completely devoid of legal authority. While he mentions due process and includes citations to the Fourth and Fifth Amendments, the sum of his argument is that he could not be prosecuted for traffic offenses because he did not physically injure anyone when he ran a red traffic light in a school zone during the time children were arriving at school. He also cites to portions of the Uniform Commercial Code, applies them to his arrest and concludes the City of Cleveland is a for profit corporation, not a government entity, and therefore without jurisdiction to prosecute him. These grounds for relief are not based on the violations of clearly established federal law. It would therefore be futile for Petitioner to return to state court to pursue exhaustion of these claims.

### Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §

2253; Fed.R.App.P. 22(b).

       IT IS SO ORDERED.

                                           /s/ Donald C. Nugent
                                        DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE

Dated: October 18, 2013